UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>)<br>v.                                              )<br>)<br>MICHAEL LOVELY,                     )<br>)<br>            DEFENDANT      ) | CRIMINAL NO. 2:06-CR-62-DBH |

ORDER ON DEFENDANT'S MOTION FOR APPOINTMENT
OF COUNSEL IN CONNECTION WITH SENTENCE REDUCTION

The defendant Michael Lovely has submitted a letter requesting the appointment of counsel to see if he is eligible to receive a reduced sentence on account of the changes in the Sentencing Guidelines with respect to the effect of crack cocaine quantity on sentencing length.[1] Because I find that the defendant clearly does not qualify for the reduction and that the appointment of counsel would have no effect on my determination, I **DENY** the motion.

The changes to the Sentencing Guidelines do not benefit this defendant because he was sentenced as a career offender in 2006, not on account of his drug quantity. I denied his similar request in 2010 on that very basis. Order Adopting Report and Recommended Decision (ECF No. 134); Report and Recommended Decision as to Michael Lovely's Mot. to Vacate, Set Aside, or Correct Sentence at 8–9 (ECF No. 133). It remains the case that a defendant

---

[1] The defendant does not refer to the most recent amendment, United States Sentencing Commission, Guidelines Manual, Supplement to App. C, Amendment 782, at 64-74 (Nov. 2014), but because he asks for "the 2 point reduction of sentence," I treat him as doing so.

whose career offender status produced his Guideline sentencing range does not qualify for a sentence reduction on account of Guideline changes in drug quantity calculations.  See United States v. Cardosa, 606 F.3d 16, 19 (1st Cir. 2010).

Accordingly the motion to appoint counsel is **DENIED**.

**SO ORDERED.**

**DATED THIS 5TH DAY OF MAY, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**