# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:06-CR-62-DBH-2 |
| | ) | |
| MICHAEL LOVELY, | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE

The defendant has moved for the appointment of counsel and reduction of his sentence that I imposed in 2008. Def.'s Mot. (ECF No. 189). He believes that the Supreme Court's recent decision in Hughes v. United States, 138 S. Ct. 1765 (2018), entitles him to a 2-level reduction in his Guidelines Offense Level, apparently because of Amendment 782 to the Guidelines which lowered the offense level for drug trafficking offenses based upon drug quantity. Id. at 1774. The defendant is incorrect. It is true that Hughes allows for a sentence reduction when a defendant's sentence was based upon a Guideline range that the Sentencing Commission subsequently and retroactively lowered. But this defendant's sentencing range was based not upon drug quantity but upon his status as a career offender, and he is therefore not entitled to the benefit of Amendment 782. Sent'g Tr. 47:6-9 (ECF No.123). Accord United States v. Akers, 892 F.3d 432, 433-44 (DC. Cir. 2018). I made a ruling in 2015 denying an earlier motion this defendant made to benefit from Amendment 782. Order on Def.'s

Mot. for Appointment of Counsel (ECF # 170). Nothing has changed. The defendant's motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 2ND DAY OF AUGUST, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**