UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:06-CR-62-DBH-02 |
| | ) |
| MICHAEL LOVELY, | ) |
| DEFENDANT | ) |

**ORDER ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

On March 12, 2008, I sentenced Michael Lovely to 210 months in prison followed by 5 years of supervised release on two counts of drug trafficking (concurrently). See J. at 2 (ECF No. 119). He now has moved under the First Step Act of 2018, Pub. L. 115-135, to reduce his sentence to 168 months in prison followed by 3 years of supervised release (concurrently). Mot. at 1 (ECF No. 213). The government resists the motion. See Opp'n to Def.'s First Step Act Mot. at 1 (ECF No. 217).

In 2008, I sentenced Lovely as a career offender. J. at 2. Under the Guidelines then in effect, his Offense Level was determined by the "offense statutory maximum" for his offense of conviction. U.S.S.G. §§ 4B1.1(a), (b). Lovely pleaded guilty to an indictment in which Count One charged conspiracy to distribute or possess with intent to distribute 5 or more grams of cocaine base and Count Two charged actual possession with intent to distribute the same quantity. See Superseding Indictment (ECF No. 23) at 1-2. Because he pleaded

guilty to an indictment that charged 5 grams or more, the statutory maximum imprisonment term was 40 years and a 5-year minimum term of supervised release applied. 21 U.S.C. § 841(b)(1)(B). As a result of that statutory penalty, under the career offender provision his offense level was 34[1] and his Guideline range was 210 to 262 months.

The First Step Act of 2018 allows me to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Section 404(b). Section 2 of the Fair Sentencing Act reduced the statutory penalties for certain drug trafficking violations from what they had been in 2008. Specifically, 5 grams or more of cocaine base was no longer sufficient to generate the 40-year statutory maximum; instead 28 grams or more of cocaine base was required. Lovely argues that, given his indictment charging 5 grams or more, the lower 841(b)(1)(C) penalty of 20 years maximum applies to him and results in a 2-level career offender guideline reduction. With nothing else changed, his lower guideline range would be 168 to 210 months and 3 years of supervised release.[2]

The dispute between Lovely and the government is whether I should look at the drug quantity language of the indictment or the drug quantity later established at sentencing. The latter is much higher, well in excess of the 28 grams, and would support the original offense level even under the Fair Sentencing Act.

---

[1] That was the Offense Level for an "Offense Statutory Maximum" of 25 years or more.
[2] The lower offense statutory maximum reduces the minimum period of supervised release from 5 years to 3 years. Since without the 5-year minimum, the guideline period of supervised release is capped at 3 years, 3 years becomes the mandatory period of supervised release.

A growing body of sentencing court caselaw is addressing this issue, and the parties have cited several decisions. I find persuasive the opinion issued earlier this month by my colleague in the United States District Court for the District of Rhode Island, Judge William Smith. United States v. Pierre, 2019 WL 1495123 (D.R.I. Apr. 5, 2019). Judge Smith recognized the reasonable and plausible arguments on both sides of the controversy, but concluded:

> the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; it should refrain from delving into the particulars of the record to determine how this specific defendant committed his or her offense of conviction, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime.

Id. at *5. I find it unnecessary to repeat the sound reasoning Judge Smith gives for reaching this conclusion.[3] Instead, I simply adopt that reasoning as my own and follow it.

I also recognize that I have discretion to deny relief, but after reading the Revised Presentence Report that Probation prepared on March 6, 2019, I deny the government's request that I do so.

The defendant's motion is **GRANTED**. I impose a reduced sentence of 168 months in prison and 3 years of supervised release on both counts concurrently.

**SO ORDERED.**

**DATED THIS 17TH DAY OF APRIL, 2019**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] I add that the burden of proof at sentencing is much lower than at conviction, and that the Rules of Evidence do not apply at sentencing.